UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN SCOTT FRANKLIN, | No. 2:14-cv-2496 KJN P |
| Petitioner, | |
| v. | ORDER |
| STU SHERMAN, Warden,[1] | |
| Respondent. | |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel and in forma pauperis. Petitioner filed an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254. Both parties consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Pending before the court is respondent's motion to dismiss the habeas petition as barred by the statute of limitations. For the reasons set forth below, respondent's motion is granted.

II. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

---

[1] Petitioner is housed at the California Substance Abuse Treatment Facility, where Stu Sherman is warden. Thus, Stu Sherman is substituted as respondent herein. Fed. R. Civ. P. 25(d); see Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

1

petitioner is not entitled to relief in the district court. . . ." Id.  The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991).  Accordingly, the court will review respondent's motion to dismiss pursuant to its authority under Rule 4.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted.  Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).  Generally, this means that the statute of limitations is tolled during the time after a state habeas petition has been filed, but before a decision has been rendered.  Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012).  However, "a California habeas petitioner who unreasonably delays in filing a state habeas petition is not entitled to the benefit of statutory tolling during the gap or interval preceding the filing." Id. at 781 (citing Carey v. Saffold, 536 U.S. 214, 225-27 (2002)).  Furthermore, the AEDPA "statute of limitations is not tolled from the time a final decision is

issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), overruled on other grounds by Carey, 536 U.S. at 214.  Thus, "[t]he period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled -- because it is part of a single round of habeas relief -- so long as the filing is timely under California law." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010).  However, when, as here, a petitioner has filed multiple state habeas petitions, "[o]nly the time period during which a round of habeas review is pending tolls the statute of limitation; periods between different rounds of collateral attack are not tolled."[2] Banjo, 614 F.3d at 968 (citation omitted).

Generally, a gap of 30 to 60 days between state petitions is considered a "reasonable time" during which the statute of limitations is tolled, but six months is not reasonable. Evans v. Chavis, 546 U.S. 189, 210 (2006) (using 30 to 60 days as general measurement for reasonableness based on other states' rules governing time to appeal to the state supreme court); Carey, 536 U.S. at 219 (same); Waldrip v. Hall, 548 F.3d 729, 731 (9th Cir. 2008) (finding that six months between successive filings was not a "reasonable time").

State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

////

---

[2] The Ninth Circuit has articulated a "two-part test to determine whether the period between the denial of one petition and the filing of a second petition should be tolled.  First, we ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition.  If the petitions are not related, then the subsequent petition constitutes a new round of collateral attack, and the time between them is not tolled.  If the successive petition was attempting to correct deficiencies of a prior petition, however, then the prisoner is still making "proper use of state court procedures," and habeas review is still pending.  Second, if the successive petition was not timely filed, the period between the petitions is not tolled." Banjo, 614 F.3d at 968-69 (citations and internal quotation marks omitted).  In Hemmerle v. Schriro, 495 F.3d 1069, 1075 (9th Cir. 2007), the Ninth Circuit explained that "[i] the petition was denied on the merits, we will toll the time period between the two properly-filed petitions; if it was deemed untimely, we will not." Id. at 1075.

III. Chronology

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. Petitioner pled guilty to solicitation of murder and one count of attempted murder. On May 26, 2010, petitioner was sentenced to an indeterminate state prison term of ten years to life. (Respondent's Lodged Document ("LD") 1.)

2. Petitioner filed an appeal, and on May 13, 2011, the California Court of Appeal, Third Appellate District, affirmed the conviction. (LD 2.)

3. Petitioner did not seek review in the California Supreme Court.

4. On January 27, 2013,[3] petitioner filed a motion for withdrawal of plea and request for change of venue and release on his own recognizance in the Yuba County Superior Court. (LD 3.) On June 28, 2013, the Yuba County Superior Court denied the motions. (LD 4.)

5. On July 31, 2013, petitioner filed a document styled, "Notice of Appeal," in the California Court of Appeal, Third Appellate District. (LD 5.) On August 29, 2013, the California Court of Appeal dismissed the appeal, finding that "the order appealed from is nonappealable." (LD 6.)

6. On October 3, 2013, petitioner filed a document styled, "Petition for Review," in the California Supreme Court. (LD 7.) On November 13, 2013, the California Supreme Court denied the petition for review without comment. (LD 8.)

7. On October 21, 2014, petitioner filed the instant federal petition. See Rule 3(d) of the Federal Rules Governing Section 2254 Cases. On March 13, 2015, respondent filed a motion to dismiss, and on March 29, 2015, petitioner filed an opposition. No reply was filed.

IV. Statutory Tolling

On May 13, 2011, the California Court of Appeal for the Third Appellate District affirmed the conviction. Petitioner did not seek review in the California Supreme Court. Thus, the state

---

[3] All of petitioner's state court filings were given benefit of the mailbox rule. See Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (under the mailbox rule, the petition is deemed filed when handed to prison authorities for mailing).

appeal process became final within the meaning of section 2244(d)(1)(A) when the time for filing a petition for review expired on June 22, 2011, forty days after the California Court of Appeal filed its decision. See Cal. Ct. R. 8.264(b)(1), 8.500(e); Waldrip, 548 F.3d at 735. The one-year limitations period commenced running the following day. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Thus, petitioner had until June 23, 2012, to file his federal habeas petition. However, he did not file the instant petition until October 21, 2014. Absent tolling, the federal petition is over two years too late.

However, petitioner did not file any post-conviction challenges before the limitations period expired on June 23, 2012. Rather, petitioner's first post-conviction filing was on January 27, 2013, over seven months after the statute of limitations period expired. Post-conviction collateral challenges filed after the one-year statute of limitations has expired cannot revive the statute of limitations and have no tolling effect. Ferguson, 321 F.3d at 823. Thus, petitioner failed to file his federal petition within the one year statute of limitations period.

V. Improperly Filed

Moreover, as argued by respondent, petitioner's first and second post-conviction filings in state court do not toll the limitations period because they were improperly filed.

The limitation period is statutorily tolled during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ." 28 U.S.C. § 2244(d)(2). A state petition is "properly filed," and qualifies for statutory tolling, if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). Statutory tolling is not available for a state habeas petition that is "improperly filed" because untimely under California law. Lakey v. Hickman, 633 F.3d 782, 785-86 (9th Cir. 2011) (citing, *inter alia*, Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005)).

In petitioner's first post-conviction challenge, the Yuba County Superior Court declined to reach the merits of petitioner's claims, noting the "motions were filed almost three years after execution of [petitioner's] sentence had begun," and denying the motions because the court lacked jurisdiction and the motions were untimely. (LD 4 at 2.) Similarly, the state appellate

court dismissed petitioner's appeal, finding that the "order appealed from is nonappealable." (LD 6.) These state court rulings rejected petitioner's filings based on his failure to comply with state filing requirements, rendering the filings "improperly filed" for tolling purposes under 28 U.S.C. § 2254(d)(2).

VI. Actual Innocence

In his opposition, petitioner claims that he is actually innocent of the crimes for which he was convicted based on newly-discovered evidence. (ECF No. 13 at 7.) In connection with his claim of newly-discovered evidence, petitioner recounts, *inter alia*, an alleged fundamental miscarriage of justice, a new trial should be granted where the verdict is clearly against the weight of the evidence, and deliberate falsification of evidence violates due process. (ECF No. 13 at 8.) Petitioner also claims he received documents from various police agencies on April 16 & 30, 2012, and May 1, 2012, jail visitation summaries on May 3, 2012, police reports on June 14, 2012, and a computer specification analysis on November 11, 2012, none of which he claims were in the trial record, and alleges such documents are "exculpatory evidence that could correct the court record and prove [his] innocence." (ECF No. 13 at 8-9, citing ECF No. 5 at 59-64 (Pl.'s V2 F); 65-78 (Pl.'s V2 G); 79-86 (Pl.'s V2 H); & ECF No. 5-1 at 30-33 (Pl.'s V2 S), 47-110 (Pl.'s V2 U).)

The U.S. Supreme Court has agreed with the Ninth Circuit that the "actual innocence" exception applies to the AEDPA's statute of limitations. See McQuiggin v. Perkins, 133 S. Ct. 1924 (2013); Lee v. Lampert, 653 F.3d 929, 934 (9th Cir. 2011) (en banc). "[A] credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the Schlup gateway and have his otherwise time-barred claims heard on the merits." Lee, 653 F.3d at 932. Under Schlup v. Delo, 513 U.S. 298 (1995), a petitioner must produce sufficient proof of his actual innocence to bring him "within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" 513 U.S. at 314-15 (quoting McCleskey v. Zant, 499 U.S. 467 (1991)). Evidence of innocence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." Schlup, 513 U.S. at

6

316. To pass through the Schlup gateway, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. . . ." Id. at 327.

Actual innocence in this context "means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623-24 (1998); Jaramillo v. Stewart, 340 F.3d 877, 882-83 (9th Cir. 2003) (accord). To make a credible claim of actual innocence, petitioner must produce "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Schlup, 513 U.S. at 324. The habeas court then considers all the evidence: old and new, incriminating and exculpatory, admissible at trial or not. House v. Bell, 547 U.S. 518, 538 (2006). On this complete record, the court makes a "'probabilistic determination about what reasonable, properly instructed jurors would do.'" Id. (quoting Schlup, 513 U.S. at 329). "The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors. Id. (citing Schlup, 513 U.S. at 329.)

Here, other than his unverified, self-serving statements, petitioner provides no new evidence of his factual innocence. Petitioner does not explain how the documents he received in 2012 (ECF No. 13 at 8:25-28) were "newly-discovered" or exculpatory. (See ECF No. 5 at 59-64 (Pl.'s V2 F); 65-78 (Pl.'s V2 G); 79-86 (Pl.'s V2 H); & ECF No. 5-1 at 30-33 (Pl.'s V2 S), 47-110 (Pl.'s V2 U).)[4] None of these documents, on their face, constitutes new evidence that petitioner is factually innocent of the charges of attempted murder or solicitation of murder.

In addition, petitioner refers the court to his 172 page habeas petition, in which he claims he should have been allowed to withdraw his guilty plea and granted a change of venue, and challenges, *inter alia*, all aspects of the police investigation, including the search warrant and wiretapping underlying his arrest, and the alleged falsification of evidence, claims the judge was

---

[4] Most of the documents were created in 2009, which include court minutes and records from the underlying criminal case, People v. Franklin, CR F-09-0373, as well as records from calls to police and police dispatches, and jail visit records from 2009. (ECF Nos. 5 at 65-86; 5-1 at 47-110.) Petitioner provided letters to and from the Nevada County Sheriff's Office in April of 2012 documenting petitioner's efforts to obtain copies of police reports. (ECF No. 5 at 59-64.) Petitioner also provided a copy of HP computer specifications dated November 1, 2012. (ECF No. 5-1 at 30-33.)

1    biased, ineffective assistance of counsel, and alleges there was insufficient evidence to support
2    the crimes charged in the plea deal.  (ECF No. 13 at 8-9.)  However, petitioner fails to explain
3    how the unverified allegations in his petition demonstrate that he is factually innocent of the
4    crimes of soliciting murder and attempted murder, to which he pled guilty pursuant to a plea deal
5    in which other charges were dismissed.  Rather, most of petitioner's claims in his petition
6    challenge the alleged legal insufficiency of the police investigation leading up to his arrest.

7    Petitioner asks the court to release him from prison "due to the nature of the criminal
8    conduct of others and the true facts within this case as [he is] innocent."  (ECF No. 1 at 155.)
9    However, petitioner utterly fails to identify facts or evidence demonstrating that he is factually
10   innocent of the crimes of soliciting murder and attempted murder.  Moreover, the state appellate
11   court recounted the evidence of petitioner's guilt:  petitioner "solicited the murder of his wife on
12   two separate occasions, made a down payment for the murder, and offered a bonus payment if his
13   wife's boyfriend was also killed."  (LD 2 at 4.)  In light of such strong evidence, petitioner has
14   failed to show that "it is more likely than not that no reasonable juror would have found [him]
15   guilty beyond a reasonable doubt."  Schlup, 513 U.S. at 327.

16   Because petitioner failed to present "new reliable evidence," as defined in Schlup, to
17   demonstrate a credible claim of actual innocence, he is not entitled to pass through the Schlup
18   gateway.

19   VII.  Later Commencement of Limitations Period

20   In the opposition to the motion, petitioner claims that the statute of limitations period
21   should commence on January 25, 2013, "when [he] received further proof of judicial bias."  (ECF
22   No. 13 at 10.)  A letter from the Yuba County Superior Court Clerk sending petitioner documents
23   is dated January 25, 2013.  (ECF No. 13 at 25.)  Petitioner also claims that the dates of November
24   11, 2012, June 14, 2012, May 3, 2012, or May 1, 2012 "work just as well to prove timeliness and
25   show [his] continued efforts of due diligence to obtain the necessary documented proof to prove
26   [his] innocence in court."  (ECF No. 13 at 25.)

27   Further, petitioner argues that April 24, 2013, should be the triggering date for the statute
28   of limitations period.  Petitioner claims that "on April 24, 2013, [petitioner] [had] his original

paperwork requesting relief from an errant conviction filed in Yuba County Superior Court." (ECF No. 13 at 17.)  Petitioner states that the April 24, 2013 delivery date is supported by Chad Gamble's declaration signed October 5, 2013, in which Mr. Gamble declares that he was in possession of "complete record of documents" that petitioner "wished to be turned into the Yuba County Clerk's Office."  (Id., quoting ECF No. 1 at 30.)  Mr. Gamble states that he "attempted at least one time prior to April 23, 2013," to deliver such documents, but was denied "on grounds unrelated to the merits of the case."  (ECF No. 1 at 30.)  Mr. Gamble declares that on or around April 24, 2013, he "submitted a true copy of said documents in the Superior Court of Yuba County or was a witness to the submission of the documents."  (Id.)   Petitioner then claims that January 27, 2013, was when petitioner first signed the petition in black ink, but that Yuba County Local Rules required the petition to be signed in blue ink.  (ECF No. 13 at 17.)  Petitioner argues that "April 24 is vital to the case because VDP14 states that the Superior Court of Yuba County Court Clerk filed the document on May 2, 2013."  (ECF No. 13 at 18, citing ECF No. 5-1 at 156 (Pl.'s V3P14).)  Petitioner contends the May 2, 2013 filing date is faulty because Mr. Gamble filed the document on April 24, 2013.  (ECF No. 13 at 18, citing ECF No. 5-1 at 149 (Pl.'s V3P7).)

Title 28 U.S.C. § 2244(d)(1)(D) states that the limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Id.  The objective standard in determining when time begins to run under Section 2244(d)(1)(D) is "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150 (9th Cir. 2001).  "Due diligence does not require 'the maximum feasible diligence,' but it does require reasonable diligence in the circumstances." Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir. 2012) (citation omitted).  Thus, "[a]lthough section 2244(d)(1)(D)'s due diligence requirement is an objective standard, a court also considers the petitioner's particular circumstances. Id.  The requirement of due diligence generally implies an affirmative duty to investigate after some triggering event has raised or should have raised the suspicion that further investigation might prove fruitful.  See, e.g., Singh v. Gonzales, 491 F.3d

9

1090, 1096 (9th Cir. 2007) (habeas petitioner claiming ineffective assistance of counsel in immigration proceeding did not exercise due diligence, and thus did not qualify for equitable tolling, because he failed "to definitively learn of [a] fraud after he became suspicious of the fraud.").

Here, petitioner has not made the requisite showing. Petitioner has not presented any new important facts, explained why he was unable to discover such facts earlier, or asserted that he sought such facts with reasonable diligence. For example, the date of filing of his motions in the Yuba County Superior Court has no bearing on the facts underlying petitioner's conviction.[5] Indeed, in his motions signed January 27, 2013, and filed in the superior court, petitioner states that "[g]iven the nature of the Criminal Activity discovered after sentencing extending to days prior to [his] arrest, [he] was not afforded the right to innocence or fairness as provided under the law." (LD 3 at 4.) But nowhere in his motions does he explicitly identify the facts he contends demonstrate such "criminal activity," and nowhere in his opposition to the motion to dismiss does he identify on what date he discovered such facts, if any. Accordingly, petitioner has failed to provide new facts and provides no reason why he could not have obtained new evidence.

Moreover, petitioner failed to demonstrate his diligence. Petitioner confirms that he received the complete court record on May 17, 2011. (ECF No. 13 at 8.) Thus, petitioner received the trial record shortly after the state appellate court affirmed his conviction, well within the one year limitations period. Petitioner does not indicate when he sought the documents he claims are exculpatory. But his letter to the Nevada City Police is dated April 22, 2012. (ECF No. 5 at 62.) Plaintiff's letter, written almost one year after he received the court record, does not demonstrate reasonable diligence.

Inasmuch as petitioner has not made a sufficient showing that the factual predicate of the claims could not have been discovered earlier with reasonable diligence, petitioner is not entitled to a later commencement of the statute of limitations under 28 U.S.C. § 2244(d)(1)(D).

---

[5] Moreover, as set forth above, petitioner was credited with a January 27, 2013 filing date under the mailbox rule, despite Mr. Gamble's declaration that he filed it on April 24, 2013, and despite the superior court's filed date of May 2, 2013.

As set forth above, petitioner had until June 23, 2012, to file a timely petition. Therefore, the instant petition was filed after the statute of limitations expired, and could not revive the limitations period.

VIII. Equitable Tolling

Equitable tolling is available to toll the one-year statute of limitations available to 28 U.S.C. § 2254 habeas corpus cases. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). A litigant seeking equitable tolling must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way. Pace, 544 U.S. at 418. The Ninth Circuit has explained:

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009); see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) (petitioner must show that the external force caused the untimeliness). It is petitioner's burden to demonstrate that he is entitled to equitable tolling. Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).

In his opposition to the motion to dismiss, petitioner does not address equitable tolling, and his opposition does not suggest that some extraordinary circumstance prevented him from timely filing his petition. Petitioner concedes that he received the complete court record on May 17, 2011. (ECF No. 13 at 8.) Petitioner fails to demonstrate his diligence between May 17, 2011, and June 23, 2012. Thus, petitioner has not met his burden to show he is entitled to equitable tolling.

IX. Failure to Exhaust

Respondent argues in the alternative that petitioner failed to exhaust his state court remedies prior to filing the instant action. Because the undersigned finds the petition is barred by the statute of limitations, such alternative argument is not addressed.

11

X. <u>Certificate of Appealability</u>

For the reasons stated above, the undersigned finds that petitioner has not shown that "jurists of reason would find it debatable whether": (1) "the petition states a valid claim of the denial of a constitutional right"; and (2) "the district court was correct in its procedural ruling." See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (holding that new petition that repeated claims earlier dismissed without prejudice because they were unexhausted was not second or successive). Thus, the undersigned declines to issue a certificate of appealability.

X. <u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (ECF No. 10) is granted;

2. This action is dismissed; and

3. The undersigned declines to issue a certificate of appealability under 28 U.S.C. § 2253.

Dated: April 17, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/fran2496.mtd.hc.sol